# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARCAL FRACTION,** | : | |
| Petitioner | : | CASE NO. 3:14-CR-305 |
| v. | : | (MANNION, D.J.) |
| **UNITED STATES OF AMERICA,** | : | |
| Respondent | : | |

## MEMORANDUM

## I. BACKGROUND[1]

On September 29, 2017, the court issued a Memorandum and Order, (Doc. 544, Doc. 545), denying petitioner Fraction's 28 U.S.C. §2255 motion to vacate, set aside or correct his 120-month imprisonment sentence, (Doc. 540). In his §2255 motion, Fraction requested the court to reinstate his appeal rights and re-sentence him without the career offender classification.

On October 16, 2017, Fraction filed a motion for reconsideration under Fed.R.Civ.P. 59(e) regarding the court's September 29, 2017 Order with his Declaration attached and a brief in support. (Doc. 546, Doc. 547). On October 27, 2017, the government responded to Fraction's motion for reconsideration. (Doc. 548).

On October 30, 2017, the court entered an Order, (Doc. 549), denying Fraction's motion for reconsideration, (Doc. 546).

---

[1]The complete background of this case was stated in the court's September 29, 2017 Memorandum and Order and it shall not be fully repeated herein. Also, since the court's October 30, 2017 Order stated the grounds to warrant reconsideration, they shall not repeated herein.

On November 3, 2017, Fraction filed a motion for leave of court to file a supplement to his motion for reconsideration and a brief in support with attached exhibits. (Doc. 550, Doc. 551). Fraction states that after he filed his motion for reconsideration he discovered the case of United States v. Glass, 701 Fed. Appx. 108 (3d Cir. July 26, 2017), that is currently pending before the Third Circuit Court of Appeals. He claims that the *Glass* case "is analagous (sic), if not identical in circumstance to those [he] is moving for the Court to reconsider." (Doc. 551 at 2). Fraction contends that the *Glass* appeal may show that two of the three prior drug offenses used to classify him as a career offender under USSG §4B1.1(a), namely, his 2006 conviction for criminal sale of a controlled substance (PSR ¶36), and his 2010 conviction for manufacture, deliver, and possession of a controlled substance (PSR ¶38), no longer qualify as predicate offenses for career offender purposes. (*See* Doc. 496 at 9-10).

Thus, Fraction states that since some of his predicate offenses may be found not to qualify for career offender purposes, "the pending appeal in *Glass* becomes germane to the issue [he] has requested be reconsidered by this Court." (Id. at 3-4). Fraction states that if Glass prevails on his appeal, then he too will be entitled to relief because two of his prior drug offenses will no longer be considered requisite predicate convictions to qualify him as a career offender, which in turn will cause his sentencing range to decrease.

Fraction concludes by stating that because the "current appeal in United

States v. Glass portends to nullify a predicate used to designate [him] a Career Offender", he requests the court to "grant him leave to Supplement his Motion For Reconsideration, and to re-instate his §2255 Petition." He also requests the court to "hold the [§2255] petition in abeyance pending the judgment of the Third Circuit Court of Appeals" in *Glass*. (Id. at 4).

On November 9, 2017, the court directed the government to respond to Fraction's Doc. 550 motion. (Doc. 553).

After being granted an extension of time, the government filed its response to Fraction's motion. (Doc. 562).

On February 7, 2018, Fraction filed a notice of appeal with respect to this court's September 29, 2017 Memorandum and Order. (Doc. 565). On May 23, 2018, the Third Circuit issued an Order staying Fraction's appeal until this court ruled on his motion to supplement his Rule 59(e) motion. (Doc. 577).

## II.   DISCUSSION

Fraction seeks to supplement his motion for reconsideration under Rule 59(e) regarding the denial of his §2255 motion based on an appeal pending with the Third Circuit in *United States v. Glass* so that he can show his prior drug offenses used to classify him as a career offender under USSG §4B1.1(a) no longer qualify as predicate offenses. Fraction asserts two arguments, to wit: the *Glass* case pending with the Third Circuit is a

3

analogous to his case and if the Court rules in Glass' favor, it will require his re-sentencing without the career offender classification; and since a District Court case in the Southern District of New York found that a drug conviction for attempted criminal possession of a controlled substance under New York law, one of Fraction's prior drug convictions, does not qualify as a predicate offense under the career offender guideline, this conviction could no longer be used as a basis for Fraction's career offender classification.

Fraction's reliance on United States v. Glass, 701 Fed.Appx. 108 (3d Cir. July 26, 2017), is not determinative since the Third Circuit has not yet decided the underlying merits of Glass' appeal and merely found that an issue raised by Glass under *Hinkle* was not a frivolous contention for purposes of determining whether his appellate counsel could withdraw under Anders v. California, 386 U.S. 738, 87 S.Ct. 1396 (1967).[2] In *Glass*, one of the convictions used by the district court to find that Glass was a career offender was his 2001 Pennsylvania State conviction for the manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance, in violation of 35 Pa.Stat.Ann. §780-113(a)(30). The defendant in *Glass* relied upon the *Hinkle* case to support his contention that his stated 2001 conviction did not qualify as a predicate offense.

In *Glass, id.* at 112, the Third Circuit explained:

To determine whether a conviction under §780–113(a)(30)

---

[2]The appeal in *Glass* is still pending before the Third Circuit.

4

constitutes a "controlled substance offense," we are constrained to apply the categorical approach. United States v. Abbott, 748 F.3d 154, 158–59 (3d Cir. 2014) (applying the categorical approach to §780–113(a)(30)). First we compare the elements of the statute behind the prior offense with the Guidelines generic offense. Descamps v. United States, 570 U.S. 254, 133 S.Ct. 2276, 2281, 186 L.Ed.2d 438 (2013). If the prior-offense elements are "the same as" or "narrower than" the Guidelines offense, then the prior offense can serve as a predicate. Id. But the analysis grows more complex if the prior-offense statute "lists multiple, alternative elements." Id. at 2285. In those instances the statute is divisible, and a modified categorical approach permits the Court "to consult a limited class of documents ... to determine which alternative formed the basis of the defendant's prior conviction." Id. at 2281.2 Alternative elements, however, must be differentiated from alternative means: a single element that can be violated by "various factual means" is unlike a list of several elements in that the various factual means are not part of the "crime's legal definition—the things the 'prosecution must prove to sustain a conviction.'" Mathis v. United States, —— U.S. ——, 136 S.Ct. 2243, 2248, 195 L.Ed.2d 604 (2016) (quoting Black's Law Dictionary 634 (10th ed. 2014)).

The Third Circuit in *Glass, id.* at 112-13, concluded:

Glass argues that the "delivery" alternative element in §780–113(a)(30) is categorically broader than the analogous Guidelines elements, and is itself indivisible. This argument is not frivolous. The Guidelines definition of a generic predicate controlled substance offense extends to "the manufacture, import, export, distribution, or dispensing of a controlled substance," and also to possession "with intent to manufacture, import, export, distribute or dispense." U.S.S.G. §4B1.2(b) (emphasis added). Pennsylvania's offense, by comparison, covers "the manufacture, delivery, or possession with intent to manufacture or deliver," and the "knowingly creating, delivering or possessing with intent to deliver." 35 Pa. Stat. Ann. §780-113(a)(30). Thus, where the Guidelines use "import, export, distribution, and dispensing," Pennsylvania uses "delivery." These terms are certainly not the "same." Descamps, 133 S.Ct. at 2281. But is "delivery" broader than the Guidelines terms? Or is the Venn diagram of "delivery"

5

fully concentric with the conduct that constitutes "import, export, distribution, or dispensing"? That is the dispositive question here—and it is a fair one.

The Third Circuit in *Glass* acknowledged that "[the] *Hinkle* case was recently distinguished by a panel of our Court in a non-precedential opinion which held that New York's use of the term 'delivery' in its controlled substances law was narrower than the Texas law, and so *Hinkle*'s rule did not apply." Id. (citing Santana, 677 Fed. Appx. at 746). However, the Third Circuit indicated that it was not aware of any "similar precedent interpreting Pennsylvania's law." Id. at 113. Thus, the Third Circuit in *Glass, id.*, found:

> there is at least a nonfrivolous argument that Pennsylvania's law is more like Texas's than New York's. Pennsylvania, like Texas, defines "delivery" to include the "attempted transfer" of a drug, which could arguably extend to offers to sell, as did the Texas statute. *See* 35 Pa. Stat. Ann. §780-102(b) (defining "Delivery"). And Pennsylvania, like Texas, defines delivery in the same manner that the *Hinkle* court found to render Texas's delivery-definition indivisible. Hinkle, 832 F.3d at 575-76. Those aspects of the Texas statute contributed to it being too broad to constitute a Guidelines career offender predicate, ....

Fraction states that his Pennsylvania drug conviction used as one of the predicate offenses to find him a career offender was also under 35 Pa.Stat.Ann. §780-113(a)(30). Nonetheless, the Third Circuit in *Glass* has not yet determined whether a conviction under §780-113(a)(30) constitutes a "controlled substance offense" with respect to a career offender classification. As such, the court finds that the *Glass* case, in its current posture, does not present a basis for this court to alter its denial of Fraction's motion for

6

reconsideration and any supplement proposed by Fraction based on *Glass* is without merit.

Also, recently, in U.S. v. Lamar, 2018 WL 777126 (M.D.Pa. Feb. 8, 2018), this court found that Lamar's two Pennsylvania drug convictions under 35 Pa.Stat.Ann. §780-113(a)(30) were "controlled substance offenses" for purposes of the career offender enhancement.

Next, Fraction relies on the decision in Ramirez v. United States, 2011 U.S.District LEXIS 14105 (S.D.N.Y. Feb. 10, 2011), to support his Doc. 550 motion and he states that "the Court [held] that the attempted criminal possession of a controlled substance [under New York law] does not qualify as a predicate [offense under the career offender guideline]." *See also* United States v. Savage, 542 F.3d 959, 965-66 (2d Cir. 2008) (Second Circuit held that "a crime not involving the mental culpability to commit a substantive narcotics offense [does not] serve as a predicate 'controlled substance offense' under the Guidelines.") (citation omitted). However, the decisions by the courts in New York do not help Fraction since even if one of Fraction's New York convictions did not count as a predicate offense, he still had two other qualifying predicate drug offenses, including his Pennsylvania drug conviction under 35 Pa.Stat.Ann. §780-113(a)(30). As this court pointed out in its September 29, 2017 Memorandum, the PSR specifically identified the drug convictions upon which it relied to find that Fraction was a career offender. The PSR, (Doc. 496 at 9-10), specifically included Fraction's

7

following drug convictions:

> 11/18/02 Arrest; Conviction for Criminal Sale of a Controlled Substance/ Queens County Supreme Court, NY; 5/1/03 sentence of 1 to 3 years imprisonment.
>
> 2/19/04 Arrest; Conviction Criminal Sale of a Controlled Substance/ Queens County Supreme Court, NY; 3/31/06 sentence of 2 to 4 years imprisonment.
>
> 5/4/09 Arrest; Manufacture, Deliver, and Possession of a Controlled Substance/ Monroe County Court, PA; 8/31/10 sentence of 2 years imprisonment.

The PSR, (Doc. 496 at 8), then found that Fraction was a career offender and stated as follows:

> The defendant was at least 18 years old at the time of the instant offense of conviction; the instant offense of conviction is a felony that is a controlled substance offense; and the defendant has at least two prior felony convictions of controlled substance offenses (paragraphs 34, 36, and 38); therefore, the defendant is a career offender. The offense level for a career offender is 32 because the statutory maximum term of imprisonment is 20 years, under USSG §4B1.1(b)(3).

Thus, Fraction would still be a career offender even without one of his New York convictions and his guideline designation would not change.

### III. CERTIFICATE OF APPEALABILITY

A petitioner may not file an appeal from a final order unless a district or circuit judge issues a certificate of appealability ("COA") pursuant to 28 U.S.C. §2253(c). A COA shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). The

8

petitioner must show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003); *see also* Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, a COA will not issue because Fraction has shown neither the denial of a constitutional right nor that jurists of reason would disagree with this court's resolution of his claims.

## VI. CONCLUSION

Based on the foregoing, the court **DENIES** Fraction's motion to supplement his Rule 59(e) Motion. **(Doc. 550)**. The court's October 30, 2017 Order, (Doc. 549), denying Fraction's motion for reconsideration, (Doc. 546), shall not be disturbed. An appropriate order will issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: June 26, 2018**