**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MARCAL FRACTION, | : | |
| Petitioner | : | CASE NO. 3:14-CR-305 |
| v. | : | (JUDGE MANNION) |
| UNITED STATES OF AMERICA, | : | |
| Respondent | : | |

## MEMORANDUM

**I.   BACKGROUND**[1]

On September 29, 2017, the court issued a Memorandum and Order, (Doc. 544, Doc. 545), denying petitioner Fraction's 28 U.S.C. §2255 motion to vacate, set aside or correct his 120-month imprisonment sentence, (Doc. 540). In his §2255 motion, Fraction requested the court to reinstate his appeal rights and re-sentence him without the career offender classification.

On October 16, 2017, Fraction filed a motion for reconsideration under Fed.R.Civ.P. 59(e) regarding the court's September 29, 2017 Order. (Doc. 546).

On October 30, 2017, the court entered an Order, (Doc. 549), denying Fraction's motion for reconsideration.

On November 3, 2017, Fraction filed a motion for leave of court to file a supplement to his motion for reconsideration and a brief in support. (Doc.

---

[1]The complete background of this case was stated in the court's September 29, 2017 Memorandum and Order and it shall not be fully repeated herein. (*See also* Doc. 583).

550, Doc. 551). Fraction argued that if defendant Glass prevailed in his pending appeal with the Third Circuit in United States v. Glass, then he too would be entitled to relief because two of his prior drug offenses would no longer be considered requisite predicate convictions to qualify him as a career offender, which would reduce his sentence.

On February 7, 2018, Fraction filed a notice of appeal with respect to this court's September 29, 2017 Memorandum and Order. (Doc. 565). On May 23, 2018, the Third Circuit issued an Order staying Fraction's appeal until this court ruled on his motion to supplement his Rule 59(e) motion. (Doc. 577).

On June 26, 2018, the court issued a Memorandum and Order, (Docs. 583 & 584), denying Fraction's motion to supplement his Rule 59(e) motion. (Doc. 550). The court also directed that its October 30, 2017 Order, (Doc. 549), denying Fraction's motion for reconsideration, (Doc. 546), would not be disturbed. Further, the court directed that a certificate of appealability ("COA") would not be issued pursuant to 28 U.S.C. §2253(c).

Presently, Fraction's appeal of this court's Order denying his §2255 motion is pending with the Third Circuit.

On January 30, 2019, Fraction filed a motion under Federal Rule of Civil Procedure 60(b) to re-open the proceedings regarding his motion under 28 U.S.C. §2255 alleging that there was an "incomplete analytic framework of controlled substance as defined by the Sentencing Guidelines" and an "intervening change of decisional law" after the court denied his motion. (Doc.

2

590). The government responded to Fraction's motion on February 6, 2019. (Doc. 592). On February 19, 2019, Fraction filed a reply brief. (Doc. 593).

## II. DISCUSSION

Fraction moves pursuant to Rule 60(b). This Rule allows a "court to relieve a party or its legal representative from a final judgment, order, or proceeding" to correct "mistake, inadvertence, surprise, or excusable neglect." Rule 60(b), however, is not a substitute for appeal and generally a mistake of law is insufficient ground to alter judgment. *Smith v. Evans*, 853 F.2d 155, 158 (3d Cir. 1988); *Page v. Schweiker*, 786 F.2d 150, 154-55 (3d Cir. 1986). The proper vehicle to re-litigate the issues handled in a court's prior order is a motion to reconsider brought pursuant to Federal Rule of Civil Procedure 59. *Smith*, 853 F.2d at 158. The court must look to the substance of the motion and not necessarily the cited rule to determine the applicable rule and standard of review. *Id.*

At essence, Fraction seeks to once again challenge his classification as a career offender under the guise of a Fed.R.Civ.P. 60(b)[2] motion for relief of

---

[2]Rule 60(b) of the Federal Rules of Civil Procedure provides a limited avenue of relief where a final judgment or order has been entered in a case based on one or more of the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or discharged; or

3

judgment when it is really an unauthorized successive §2255 motion. Fraction's instant arguments in his Rule 60(b) motion regarding his attack on his career offender classification are in reality arguments in support of a successive §2255 motion. Thus, despite Fraction's instant motion styled as being under Rule 60(b), it is really an unauthorized second or successive §2255 motion and this court lacks jurisdiction over it since he did not first obtain a certification to file it from the Third Circuit. *See* 28 U.S.C. §§ 2244(b), 2255(h).

Fraction argues that the court used "an incomplete analytic framework" in deciding that his two prior New York State convictions for criminal sale of a controlled substance constituted predicate offenses for purposes of sentencing him as a career offender. Fraction states that when he was convicted of the New York drug offenses, the New York State drug schedule included Human Chorionic Gonadotropin ("HCG") as a Schedule III controlled substance. However, he contends that HCG is not considered a controlled substance under the federal Controlled Substances Act, 21 U.S.C. §802. Thus, Fraction contends that "the state statute under which [he] was convicted sweeps more broadly than it's (sic) federal counterpart and his prior conviction[s] under New York State Law [ ] [are] not [ ] predicate offense[s] for purposes of career offender under [USSG] 4B1.1."

As support, Fraction cites to two Second Circuit cases, United States

---

applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

4

v. Townsend, 987 F.3d 66 (2d Cir. 2018), and Untied States v. Guerro, 910 F.3d 72 (2d Cir. 2018). In Townsend, *id*. at 74, the Second Circuit held that "HCG is not a controlled substance under the CSA", and concluded that "the state statute under which Townsend was convicted sweeps more broadly than its federal counterpart, and his prior conviction under NYPL section 220.31 is not a predicate offense for purposes of increasing his Guidelines range under §2K2.1(a)." Based on these cases, Fraction contends that "the court utilized an incomplete analytic framework in determining the merits and issues of [his] 2255 motion", and that "[the motion] should be reopened and allowed to proceed with granting him relief so he can be resentenced without the career offender designation."

Fraction concludes by arguing that since his "two prior New York state conviction[s] for criminal sale of a controlled substance criminalizes a substance [HCG] not criminalized under federal law, the state statute does not categorically match the federal crime", and thus, his "two prior [New York] convictions cannot be predicate offenses under §4B1.1." As such, he maintains that he was not a career offender and, he requests the court to re-open his §2255 motion, and to re-sentence him without this designation.[3]

"The grant or denial of a Rule 60(b)(6) motion is an equitable matter left, in the first instance, to the discretion of a district court." Cox v. Horn, 757 F.3d

---

[3] Since Fraction's adult criminal convictions upon which the PSR, (Doc. 496 at 9-10), relied to recommend his career offender classification, including his two New York State drug convictions in 2003 and 2006, were stated in the court's September 29, 2017 Memorandum, they shall not be repeated herein.

5

113, 124 (3d. Cir. 2014). "Importantly, the movant in a Rule 60(b) motion carries a heavy burden, as Rule 60(b) motions are viewed as 'extraordinary relief which should be granted only where extraordinary justifying circumstances are present." Kiburz v. Sec'y, U.S. Dep't of the Navy, 446 Fed. Appx. 434, 436 (3d Cir. 2011) (citation omitted). Since Fraction previously filed a §2255 motion, this court will only have jurisdiction over his Rule 60(b) motion if it is "a true Rule 60(b) motion and not an attempt to circumvent the requirements for filing a new §2255 motion." United States v. Donahue, 733 Fed.Appx. 600, 601-02 (3d Cir. 2018) (citation omitted). Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "[b]efore an applicant may file a second or successive §2255 motion in the district court, the motion 'must be certified ... by a panel of the appropriate court of appeals to contain' either 'newly discovered evidence' or a 'new rule of constitutional law.'" Donahue, 733 Fed.Appx. at 602 n. 1 (citing 28 U.S.C. §2255(h)(1)-(2); §2244(b)(3)).

Fraction's present motion is his third attempt to challenge his classification as a career offender and to be re-sentenced without this classification. (Docs. 540, 549 & 583). In his Rule 60(b) motion, Fraction again seeks to collaterally attack his sentence and his PSR. As such, the court finds that Fraction's Rule 60 motion constitutes a second or successive §2255 motion and that he does not have authorization from the Third Circuit to file it.

In Donahue, 733 Fed.Appx. at 602-03, the Third Circuit explained:

> [the District Court] ha[s] jurisdiction to consider [Fraction's] Rule 60 motion only if it was a true Rule 60 motion, and not an attempt to circumvent the requirements for filing a new §2255 motion. *See* Robinson v. Johnson, 313 F.3d 128, 139–40 (3d Cir. 2002). This question is governed by Gonzalez v. Crosby, 545 U.S. 524, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005). In that case, the Supreme Court held that jurisdiction is proper over a Rule 60 motion that attacks "some defect in the integrity" of a prior habeas proceeding. *Id*. at 532, 125 S.Ct. 2641; *see also* Pridgen v. Shannon, 380 F.3d 721, 727 (3d Cir. 2004) (holding that a Rule 60 motion may be adjudicated if its "factual predicate ... attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction"). By contrast, a "motion presenting new evidence in support of a claim already litigated" is "in substance a successive habeas petition and should be treated accordingly." Gonzalez, 545 U.S. at 531, 125 S.Ct. 2641.

*See also* United States v. Morgan, 2018 WL 3618251, *5 (E.D.Pa. July 27, 2018) ("A Rule 60(b) motion amounts to a successive habeas petition, and thus is subject to the limitations of AEDPA, if it 'attacks the federal court's previous resolution of a claim <u>on the merits</u>' rather than attacking 'some defect in the integrity of the federal habeas proceedings.'" (citing United States. v. Andrews, 463 Fed.Appx. 169, 171 (3d Cir. 2012)) (emphasis in original).

Fraction's Rule 60(b) motion is precisely the type of Rule 60(b) motion Donahue filed in his case, i.e., a "motion presenting new evidence in support of a claim already litigated." Donahue, 733 Fed.Appx. at 602-03. Similar to the Donahue case, "[i]t is clear from [Fraction's] [Rule 60(b)] motion that it challenges his conviction and sentence, not the integrity of his §2255 proceeding." *Id*.

Fraction argues that since the Second Circuit in Townsend found that

7

HCG is not federally scheduled and that a conviction involving this drug did not qualify as a predicate conviction for a career offender classification, his two New York convictions should not have been included at his sentencing as his predicate offenses. Fraction also argues that his trial counsel should have filed a direct appeal with the Third Circuit challenging his designation as a career offender since the sentencing court erred by "referring to the facts of [his prior convictions] to determine whether [they] qualified as predicates" instead of using the categorical approach. The government states that while Fraction cites to Townsend, "[he then] claims, without attaching any documentary proof, that both his 2002 and 2006 New York drug distribution convictions, which support his classification as a career offender, involved the same obscure, fertility drug, known as [HCG], that the Second Circuit considered in Townsend and found could not serve as the basis for a career offender predicate conviction, as HCG is not federally scheduled."

Fraction's arguments clearly challenge his sentence as well as the sentencing proceeding and not the integrity of his §2255 proceeding. As in his prior motions, Fractions once again seeks to try and show that his prior drug offenses used to classify him as a career offender under USSG §4B1.1(a) no longer qualify as predicate offenses. The only difference with respect to his instant Rule 60(b) motion from his previous motions is that Fraction is now challenging his two prior New York State convictions as opposed to his 2010 Pennsylvania State conviction for the manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance, in violation of 35

8

Pa.Stat.Ann. §780-113(a)(30). At bottom, Fraction's contentions in his Rule 60(b) motion do not attack the manner in which the court decided his §2255 motion, rather, they attack his underlying sentence. Fraction's Rule 60(b) motion thus raises new arguments in support of his claim that he was not a career offender, and such a motion is "in substance a successive habeas petition and should be treated accordingly." Donahue, 733 Fed.Appx at 603 (quoting Gonzalez, 545 U.S. at 531). *See also* Morgan, 2018 WL 3618251, *5 (court held that defendant's Rule 60(b) motion was a successive §2255 motion because his claims attacked his "underlying conviction rather than a procedural defect in a prior habeas proceeding.").

Thus, the court will deny Fraction's Rule 60(b) motion because it is an unauthorized second or successive §2255 motion and, the court lacks subject matter jurisdiction over it because he did not obtain prior authorization from the Third Circuit. *See* Donahue, *supra*.[4] Therefore, Fraction's Rule 60(b) motion will be **DISMISSED** as an unauthorized successive § 2255 motion under AEDPA.

---

[4]Even if Fraction's instant motion is properly filed as a Rule 60(b) motion, and the court has found it is not, his contentions that the court used an incomplete analytic framework in deciding the merits of his §2255 motion lacks any evidentiary support regarding his allegation that both his 2003 and 2006 New York drug sale convictions involved HCG. Regardless, Fraction's arguments challenge his sentence and not the process with respect to the court's denial of his §2255 motion contained in its September 29, 2017 Memorandum.

9

## III. CERTIFICATE OF APPEALABILITY

A petitioner may not file an appeal from a final order unless a district or circuit judge issues a certificate of appealability ("COA") pursuant to 28 U.S.C. §2253(c). A COA shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). The petitioner must show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003); *see also* Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, a COA will not issue because Fraction has shown neither the denial of a constitutional right nor that jurists of reason would disagree with this court's resolution of his claims.

## IV. CONCLUSION

Based on the foregoing, the court **DISMISSES** Fraction's Rule 60(b) motion to reopen his §2255 habeas proceeding, **(Doc. 590)**, and a certificate of appealability will be **DENIED**. An appropriate order will issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: February 21, 2019**

O:\Mannion\shared\MEMORANDA - DJ\CRIMINAL MEMORANDA\2014 CRIMINAL MEMORANDA\14-305-03.wpd

10